UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF IDAHO

| | |
|---|---|
| SHANNON BRUCE MORLEY,<br><br>                              Plaintiff,<br><br>     v.<br><br>ROCKY WATSON and FELIX<br>GAYTON,<br><br>                              Defendants. | Case No. 2:09-cv-00539-CWD<br><br>**MEMORANDUM DECISION AND<br>ORDER** |

Pending before the Court is a Motion for Summary Judgment filed by Defendants

Kootenai County Sheriff Rocky Watson and Deputy Felix Gayton. (Dkt. 39).[1] All parties

appearing before the Court have consented to the jurisdiction of a United States

Magistrate Judge to enter final orders in this case. (Dkt. 28.) *See* Fed. R. Civ. P. 72.

In his Amended Complaint, Plaintiff Shannon Bruce Morley alleges that, while

incarcerated at the Kootenai County Jail, Defendant Watson was responsible for

Defendant Gayton dispensing the wrong eye drops to Plaintiff, causing him intense pain

and the loss of 40% of his vision. (Dkt. 11.) In the Motion for Summary Judgment,

Defendants argue that there are no genuine disputes of material fact, that no constitutional

---

[1] The caption used in this Order omits Dr. Chris Kennedy, who was dismissed from the
action by Order on November 17, 2010. This caption reflects the current posture of the case and
shall be used by the Court and the parties going forward.

**MEMORANDUM DECISION AND ORDER - 1**

right of Plaintiff has been violated, and that Defendants are entitled to summary judgment. Plaintiff opposes summary judgment, and has filed a "Motion for a Rule 56(f) Continuance." (Dkt. 50.)

Having fully reviewed the record, the Court finds that the facts and legal arguments are adequately presented in the briefs and record. Accordingly, in the interest of avoiding delay, and because the Court finds that the decisional process would not be significantly aided by oral argument, this matter will be decided on the record before this Court without oral argument. D. Idaho L. R. 7.1. For the reasons that follow, the Court concludes that Defendants are entitled to summary judgment.

**PLAINTIFF'S MOTION FOR RULE 56(f) CONTINUANCE**

On May 3, 2012, Plaintiff filed "Motion for a Rule 56(f) Continuance." (Dkt. 50.) The pending Motion for Summary Judgment was filed on November 30, 2011. (Dkt. 39.) Plaintiff "was rearrested on December 15, 2011," in Chelan County Washington, where he remains jailed today. (Id.) Plaintiff asserts that, due to jail policies regarding inmates' possession of legal materials, he was forced to file an incomplete response to Defendant's dispositive motion on December 27, 2011. (Dkt. 43.)

On January 23, 2012, Plaintiff requested leave of Court to file a supplemental response, which was granted on February 13, 2012. (Motion for Consideration, Dkt. 45; Order, Dkt. 47). On February 23, 2012, Plaintiff filed a supplemental response. (Dkt. 48). Plaintiff now seeks a continuance to file yet another supplemental response, asserting that he did not have access to his legal work for this case when he filed his other responses.

MEMORANDUM DECISION AND ORDER - 2

Rule 56(d) provides, in pertinent part:

If a nonmovant shows by affidavit or declaration that, for specified reasons, it cannot present facts essential to justify its opposition, the court may:

(1) defer considering the motion or deny it;

(2) allow time to obtain affidavits or declarations or to take discovery; or

(3) issue any other appropriate order.

Fed. R. Civ. P. 56(d).

"A party requesting a continuance pursuant to Rule [56(d)] must identify by affidavit the specific facts that further discovery would reveal, and explain why those facts would preclude summary judgment." *Tatum v. City of San Francisco*, 441 F.3d 1090, 1100 (9th Cir. 2006). Whether to grant such a motion is a matter of discretion. Id.

Even under a very liberal construction applied to a pro se plaintiff, the Court finds that Plaintiff's request does not meet the requirements of Rule 56(d). Plaintiff does not provide the Court with any inkling of which facts Plaintiff was unable to provide in his first two responses. Discovery in this matter closed on September 30, 2011, and thus, it is not possible for Plaintiff to obtain new evidence to support his claims at this late date.

The Court finds that Plaintiff has had adequate time to obtain facts and present them to the Court in his two responses, and he has not provided any information regarding any further facts he wishes to present. Even after Defendants informed Plaintiff that he "bears the burden of presenting adequate facts which would justify a [continuance]," Plaintiff failed to file a reply to provide the Court with information about

**MEMORANDUM DECISION AND ORDER - 3**

what more he would submit with a third response. (Dkt. 51.) For all of the foregoing reasons, the Court will deny Plaintiff's request for a continuance.

## DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

**1.      Background**

Plaintiff was incarcerated at the Kootenai County Jail at the time of the incident giving rise to his civil rights claims. Plaintiff alleges that Defendant Deputy Gayton, knowing he was not medically trained to administer eye drops, gave Plaintiff the wrong eye drops, causing him to lose 40% of his vision. (Amended Complaint, Dkt. 11.) Plaintiff alleges he is now disabled, as a result of the administration of the incorrect drops. (Id.) Plaintiff further alleges that Sheriff Rocky Watson (1) permitted Deputy Gayton to administer eye drops without properly training Gayton, and (2) generally permitted different deputies to dispense prescription medication to inmates without medical supervision, in violation of the rules governing county jails. (Dkt. 11, 48.)

Following dismissal of his first Complaint (Dkt. 3), Plaintiff filed an Amended Complaint (Dkt. 11), and was allowed to proceed with Eighth Amendment claims against Defendants Watson and Gayton. (Order, Dkt. 19). At that time, Defendant Chris Kennedy was dismissed from the action. (Id.) The remaining Defendants now seek summary judgment.

**2.      Summary Judgment Standard**

Summary judgment is appropriate where a party can show that, as to any claim or defense, "there is no genuine dispute as to any material fact and the movant is entitled to

**MEMORANDUM DECISION AND ORDER - 4**

judgment as a matter of law." Fed. R. Civ. P. 56(a). One of the principal purposes of the summary judgment "is to isolate and dispose of factually unsupported claims . . . ." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986). It is "not a disfavored procedural shortcut," but is instead the "principal tool[ ] by which factually insufficient claims or defenses [can] be isolated and prevented from going to trial with the attendant unwarranted consumption of public and private resources." *Id.* at 327.

"[T]he mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment." *Anderson v. Liberty Lobby, Inc*., 477 U.S. 242, 247-48 (1986). The requirement is that there be no genuine dispute as to any *material* fact. "Material facts are those that may affect the outcome of the case." *See id.* at 248. The moving party is entitled to summary judgment if that party shows that each material issue of fact cannot be disputed. To show that the material facts are not in dispute, a party may cite to particular parts of materials in the record, or show that the materials cited do not establish the presence of a genuine dispute, or that the adverse party is unable to produce admissible evidence to support the fact. Fed. R. Civ. P. 56(c)(1)(A)&(B); *see T.W. Elec. Serv., Inc. v. Pacific Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987) (citing *Celotex*, 477 U.S. at 322). The Court must consider "the cited materials," but it may also consider "other materials in the record." Fed. R. Civ. P. 56(c)(3).

**MEMORANDUM DECISION AND ORDER - 5**

Material used to support or dispute a fact must be "presented in a form that would be admissible in evidence." Fed. R. Civ. P. 56(c)(2). Affidavits or declarations submitted in support of or opposition to a motion "must be made on personal knowledge, set out facts that would be admissible in evidence, and show that the affiant or declarant is competent to testify on the matters stated." Fed. R. Civ. P. 56(c)(4).

The Court does not determine the credibility of affiants or weigh the evidence set forth by the non-moving party. All inferences which can be drawn from the evidence must be drawn in a light most favorable to the nonmoving party. *T.W. Elec. Serv*., 809 F.2d at 630-31 (internal citation omitted). If the moving party meets its initial responsibility, the burden then shifts to the opposing party to establish that a genuine issue as to any material fact actually does exist. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp*., 475 U.S. 574, 586 (1986).

The existence of a scintilla of evidence in support of the non-moving party's position is insufficient. Rather, "there must be evidence on which the jury could reasonably find for the [non-moving party]." *Anderson*, 477 U.S. at 252. Rule 56(e)(3) authorizes the Court to grant summary judgment for the moving party "if the motion and supporting materials– including the facts considered undisputed–show that the movant is entitled to it."

Plaintiff brings his claims under 42 U.S.C. § 1983, the civil rights statute. To have a claim under § 1983, a plaintiff must show the existence of four elements: "(1) a violation of rights protected by the Constitution or created by federal statute (2)

**MEMORANDUM DECISION AND ORDER - 6**

proximately caused (3) by conduct of a 'person' (4) acting under color of state law."

*Crumpton v. Gates*, 947 F.2d 1418, 1420 (9th Cir. 1991).[2]  Section 1983 is "'not itself a

source of substantive rights,' but merely provides 'a method for vindicating federal rights

elsewhere conferred.'"  *Graham v. Connor*, 490 U.S. 386, 393-94 (1989) (quoting *Baker*

*v. McCollan*, 443 U.S. 137, 144 n.3 (1979)).

**3.     Undisputed Facts**

This section includes facts that are undisputed and material to the resolution of the

issues in this case. Where material facts are in dispute, the Court has included Plaintiff's

version of facts, insofar as that version is not contradicted by clear documentary evidence

in the record.

On March 25, 2009, Plaintiff requested that Dr. Chris Kennedy prescribe eye

drops because Plaintiff's thyroid medication was making his eyes dry. (Gayton Affidavit,

Dkt. 39-7; Exhibit D, Dkt. 39-10.) On that same date, Dr. Kennedy prescribed Artificial

Tears, an over-the-counter eye drop, to Plaintiff.[3] (Id.)

---

[2] Title 42 U.S.C. § 1983, provides, in pertinent part, as follows:
   Every person who, under color of any statute, ordinance, regulation, custom, or
   usage, of any State, ... subjects or causes to be subjected, any citizen of the United States
   or other person within the jurisdiction thereof to the deprivation of any rights, privileges,
   or immunities secured by the Constitution and laws, shall be liable to the party injured in
   an action at law, suit in equity, or other proper proceeding for redress....

[3] Plaintiff alleges that if the eye drops were over-the-counter Artificial Tears, he would not have
needed a prescription. Plaintiff provides no evidence that this is the case for incarcerated individuals,
where virtually everything is heavily monitored. Neither has Plaintiff provided medical records showing
the eye drops were not Artificial Tears.

**MEMORANDUM DECISION AND ORDER - 7**

At the time period in question, the jail policy regarding dispensing medications to Plaintiff provided that medical staff would place each inmate's medication in a medication box with that inmate's name affixed to it, and non-medical jail staff would dispense the medication to inmates by taking the medication package out of the inmate's box, removing the medication from the medication's package, showing it to the inmate to ensure that the inmate recognized the medication given, and then giving the medication to the inmate to take or administer to himself (Gayton Aff., ¶¶ 21, 22.)

A time line of Plaintiff's complaints about his medications follows:

| March 9, 2009 | Plaintiff alleges the Deputy Norris (not a defendant here) gave him the wrong medication, which caused severe headaches and stomach cramps. No grievance is filed about this incident until April 9, 2009. |
|---|---|
| March 25, 2009 | Plaintiff complained in a grievance that his thyroid medication should be taken on an empty stomach, but that deputies give it to him after breakfast, in contravention to the prescription directions. (Case No. 2:09-cv-00180-EJL, Dkt. 3, p. 11.) |
| March 26, 2009 | Plaintiff filed a grievance, stating: "I am requesting that a medical Staff be present during medication distribution times, I have questions about medications that the deputies that hand out meds cannot answer." (Case No. 2:09-cv-00180-EJL, Dkt. 3, p. 12.) |
| March 28, 2009 | Plaintiff wrote a grievance, stating: "Medical staff will not dispense my meds to me[;] they allow a[n] untrained deputy to dispense . . . meds. I want a trained staff member to administer my medication." (Case No. 2:09-cv-00180-EJL, Dkt. 3, p. 10.) |

**MEMORANDUM DECISION AND ORDER - 8**

April 2, 2009          Plaintiff wrote a grievance, stating: "I have tried to get jail
                       staff to address the issue of me getting my meds mixed up
                       with other people's meds by jail deputies to no avail. I want a
                       trained medical person to dispense my meds." (Case No.
                       2:09-cv-00180-EJL, Dkt. 3, p. 9.)

April 4, 2009          Plaintiff received eye drops from Deputy Gayton. Plaintiff
                       alleges he did not have his reading glasses with him and
                       could not read the medication's package.

April 6, 2009          Plaintiff wrote a grievance, stating: "On 2 occasions I was
                       given wrong med by C/O Norris. I am demanding a medically
                       trained [illegible] to dispense my meds." (Case No. 2:09-cv-
                       00180-EJL, Dkt. 3, p. 13.) No mention of problems from the
                       eye drops, administered two days earlier, was made.

April 17, 2009         Plaintiff filed a lawsuit in Case No. 2:09-cv-00180-EJL,
                       *Morley v. Watson, et al.*, which alleged that, on March 9,
                       2009, Deputy Norris gave him the narcotic hydrocodone,
                       which caused severe headaches and stomach cramps, and that
                       on April 9, 2009, Deputy Gayton gave him the wrong eye
                       drops, which caused severe burning in his eye.

June 24, 2009          Plaintiff's Complaint in Case No. 2:09-cv-00180-EJL was
                       dismissed without prejudice on initial review for failure to
                       state an injury of a constitutional magnitude. (Case No. 2:09-
                       cv-00180-EJL, Dkt. 12.)

October 21, 2009       Plaintiff files the original complaint in this action, repeating
                       the allegations about dispensing the wrong eye drops to
                       Plaintiff, but adding the allegation that the incident resulted in
                       loss of 40% of his vision. (Dkt. 3, in this action.)

**4.      Discussion of Claims Against Defendant Felix Gayton**

Plaintiff alleges that Deputy Gayton dispensed the wrong eye drops to Plaintiff on

April 4, 2009, causing Plaintiff severe burning and loss of 40% of Plaintiff's vision. To

state an Eighth Amendment claim regarding prison medical care, Plaintiff must show that

**MEMORANDUM DECISION AND ORDER - 9**

Gayton's "acts or omissions [were] sufficiently harmful to evidence deliberate indifference to serious medical needs." *Estelle v. Gamble*, 429 U.S. 97, 106 (1976).

Deliberate indifference exists when an official knows of and disregards a serious medical condition or when an official is "aware of facts from which the inference could be drawn that a substantial risk of harm exists," and actually draws such an inference. *Farmer v. Brennan,* 511 U.S. 825, 837 (1994). Mere indifference, medical malpractice, or negligence will not support a cause of action under the Eighth Amendment. *Broughton v. Cutter Labs.*, 622 F.2d 458, 460 (9th Cir. 1980).

Here, the undisputed facts do not demonstrate that Gayton acted with deliberate indifference. Plaintiff alleges, but has not produced evidence that, Gayton "knew" he was not properly trained to dispense eye drops to Plaintiff. Rather, the facts show that, according to his habit and routine, Gayton dispensed the eye medication that was in Plaintiff's designated box to Plaintiff on April 4, 2009. Gayton did so in accordance with his training, habit, and routine, gained over 5 years of services as a deputy. (Gayton Aff., Dkt. 39-7, ¶¶ 4-23.)

Nothing in the record demonstrates that Gayton knew that the eye drops would harm Plaintiff, or that Gayton drew an inference that a substantial risk of harm existed in the manner that the eye drops were distributed. While the record does not conclusively demonstrate whether the eye drops dispensed actually were Plaintiff's eye drops, or some other type of prescription drops intended for another inmate, the record does demonstrate that Gayton acted without deliberate indifference. If the eye drops were the wrong

**MEMORANDUM DECISION AND ORDER - 10**

prescription, then that act was attributable to the medical personnel who placed the eye drops in Plaintiff's box. If Gayton failed to realize that the drops were not for Plaintiff, the record reflects that Gayton acted with mere negligence, which is not actionable as a civil rights claim.

Plaintiff's claim also fails for lack of causation. An essential element of a § 1983 case is that the plaintiff show that the defendants' actions caused the deprivation of a constitutional right. 42 U.S.C. § 1983; *Arnold v. International Business Machines Corp.*, 637 F.2d 1350, 1355 (9th Cir. 1981). In addition, Plaintiff's claim fails because he has not shown more than a de minimis damage or injury arising from Gayton's actions. *See Siglar v. Hightower*, 112 F.3d 191, 193 (5th Cir. 1997).

Particularly, the record reflects insufficient evidence of causation and injury, including the following: (1) Deputy Gayton did not hear any complaints from Plaintiff when the eye drops were used (Gayton Aff, ¶ 36); (2) Plaintiff alleges that he complained to several deputies, but provides no affidavits, names, dates, or other details supporting this vague statement; (3) no concern forms (kites) or grievances were produced to demonstrate that Plaintiff reported or sought medical care for the burning or vision loss; (4) no medical records support Plaintiff's claims; (5) no medical expert opinion supports the claim that Plaintiff lost 40% of his vision; and (6) no medical expert opinion exists to show that, even if Plaintiff now has a 40% vision loss, Defendants' actions actually caused that injury.

**MEMORANDUM DECISION AND ORDER - 11**

Plaintiff alleges that "the defendants have not submitted any affidavits or sworn testimony as to the condition of my eye sight before and after the wrong eye drops were given to me." (Dkt. 43, p. 2.) However, in a motion for summary judgment, Defendants are required only to point to the absence of evidence supporting Plaintiff's claims. It is Plaintiff's burden to come forward with sufficient evidence upon which a jury could reasonably find in his favor. He has not done so.

While Plaintiff may have suffered burning of the eyes and vision loss while incarcerated, that fact alone is not enough to show Defendant Gayton caused the conditions, or that the conditions were due to deliberate indifference of Gayton. Plaintiff is qualified only to testify that the eye drops caused burning of the eyes; because he is not a medical expert, Plaintiff is not qualified to testify that he has a 40% vision loss or that the loss was caused by Gayton. Plaintiff has offered proof of only a de minimis injury, meaning one that is not of a constitutional magnitude. Accordingly, Defendant Gayton is entitled to summary judgment on Plaintiff's claims.

**3.      Discussion of Claims Against Defendant Rocky Watson**

Because Plaintiff has failed to show more than a de minimis injury, and has failed to show that Defendant Gayton's dispensing of the eye drops on April 4, 2009, caused

**MEMORANDUM DECISION AND ORDER - 12**

any injury, Plaintiff's claims against Defendant Sheriff Rocky Watson necessarily fail, both as an individual capacity claim[4] and an official capacity claim.[5]

In other words, even if Sheriff Watson knew that Kootenai County Jail "allows more than one jail staff to dispense medications which is a violation of Idaho state rules of county jails," as Plaintiff argues (Dkt. 48, p. 3), Sheriff Watson's supervisory actions or inactions cannot be causally linked to any injury, because the underlying claims lack a showing of injury and causation.

## 4.    Conclusion

Plaintiff was provided with the opportunity to engage in written discovery, obtain optometry records, and file two responses to the Motion for Summary Judgment. At this critical stage of proceedings, he has failed to come forward with sufficient evidence of injury and causation to support his § 1983 claim. For this reason, the Court need not reach Defendants' qualified immunity argument. Accordingly, summary judgment will be granted on all claims, and Plaintiff's Amended Complaint, and this entire action, will be dismissed with prejudice.

---

[4] Contrary to Defendants' argument, an individual capacity claim based on failure to train lies against Sheriff Watson. *See Starr v. Baca*, 633 F.3d 1191 (9th Cir. 2011) (A supervisor can be liable in his individual capacity for his own culpable action or inaction in the training, supervision, or control of his subordinates; for his acquiescence in the constitutional deprivation; or for conduct that showed a reckless or callous indifference to the rights of others.) (internal citation and punctuation omitted). Plaintiff simply has failed to produce sufficient evidence to proceed to trial on this claim.

[5] *See Monell v. Dep't of Social Services of City of New York*, 436 U.S. 658, 691-94 (1978).

**MEMORANDUM DECISION AND ORDER - 13**

## ORDER

**IT IS ORDERED:**

1.      Defendants' Motion for Summary Judgment (Dkt. 39) is GRANTED;

2.      Plaintiff's Motion for a Continuance (Dkt. 50) is DENIED; and

3.      Plaintiff's Amended Complaint (Dkt. 11) is DISMISSED with prejudice.



DATED: July 3, 2012

_____
Honorable Candy W. Dale
United States Magistrate Judge

**MEMORANDUM DECISION AND ORDER - 14**